UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN LYNCH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS,<br><br>　　　　Respondent. | Case No. 18-cv-00444-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DENYING PETITIONER'S MOTION TO CLARIFY ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES**<br><br>Docket No. 68 |

　　　　Petitioner has filed a Motion to Clarify the Court's order of November 17, 2020. That order rejected Petitioner's request for an expedited summary judgment review of one or more of the exhausted habeas claims in his mixed petition and instructed him to choose which of his two proposed alternative stay and abeyance remedies he wishes to pursue or, alternatively, delete his unexhausted claims and proceed with federal review of his exhausted claims. Petitioner posits that the  clarification he seeks "would permit [him] to identify which claims would require state court exhaustion and thereby to assess the Court's option properly." Docket No. 68 at 2. In order to provide such clarification, Petitioner requests that the Court "order briefing on whether *Martinez v. Ryan*, 566 U.S. 1 (2012), permits Petitioner to present to this Court for merits adjudication— without first seeking to present the claims to state court—his [unexhausted] claims of trial counsel ineffectiveness[.]" Docket No. 68 at 6. For the reasons that follow, the Court declines to order additional briefing on *Martinez* and, except to the extent this order may further clarify matters for Petitioner, **DENIES** the motion to clarify.

1    The Court's previous order needs no further clarification. The order marks a
2    straightforward resolution of the singular dispute posed by Petitioner's response to Respondent's
3    motion to dismiss his mixed petition. Petitioner had argued that, rather than dismissal of the
4    petition, he should be permitted to invoke the stay-and-abeyance procedure of *Kelly v. Small*, 315
5    F.3d 1063 (9th Cir. 2003), which, he asserted, would permit him to proceed with expedited
6    summary judgment proceedings while he pursued exhaustion of his unexhausted claims.
7    Petitioner also discussed the alternative stay-and-abeyance remedy potentially available to him
8    pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), which, if applicable, would preclude the
9    dismissal of his petition even if it did not provide him with any opportunity for expedited federal
10   review. He thus proposed two outcomes for Respondent's motion to dismiss: an order permitting
11   him to amend his petition pursuant to *Kelly* or, "[i]n the alternative, should the Court determine
12   that the *Kelly* procedure is not advised here and would not hold the potential to expedite the
13   conclusion of these proceedings, then . . . Petitioner should be afforded leave to move the Court
14   under *Rhines*, 544 U.S. 269, for an order staying the case and holding it in abeyance to permit
15   state court exhaustion." Docket No. 63 at 7. The Court's order of November 17 found no
16   precedent for Petitioner's proposed expeditious summary judgment proceedings under *Kelly* and
17   concluded that, should he proceed under *Kelly*, this matter would be stayed and held in abeyance
18   pending state court exhaustion. Docket No. 67 at 4-5. However, the order further noted that the
19   stay-and-abeyance procedures of both *Kelly* and *Rhines* were available to Petitioner and instructed
20   him to choose which procedure he wished to pursue and file an appropriate motion. *Id.* at 6-7.
21   Thus, the Court's prior order plainly aligned with Petitioner's second proposed outcome for
22   Respondent's motion to dismiss and placed the onus on Petitioner to choose how he would like to
23   proceed with his petition.

24   Although Petitioner has effectively acknowledged that there is a state court remedy
25   available to him to justify proceeding under *Kelly* or *Rhines*, he now asserts he can move forward
26   here without returning to state court. He asserts that if he can show cause and prejudice for a
27   procedural default of his ineffective assistance of trial counsel claims, then he need not exhaust
28   those claims. Docket No. 68 at 2. In so arguing, Petitioner conflates exhaustion with procedural

default. This Court previously warned against this error in another case:

> Petitioner also argues that the Court should excuse the exhaustion requirement because he can show cause and prejudice for any procedural default. Petitioner appears to conflate the concepts of procedural default and exhaustion, which are related, but ultimately different, inquiries. On one hand, the exhaustion doctrine requires a petitioner to exhaust any available state remedies. 28 U.S.C. §2254(b). On the other, procedural default places constraints the district court's ability to consider the merits of a claim. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). Accordingly, a showing of cause and prejudice for procedural default has no direct bearing on exhaustion; it is relevant only to whether a federal court may reach the merits of a procedurally-defaulted claim. *See Sawyer*, 505 U.S. at 338.

*Stanley v. Ayers*, Civ. No. 3:07-cv-04727-EMC, Docket No. 276 at 18-19 (May 22, 2017). *See also Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (citations omitted) ("Exhaustion and procedural default are distinct concepts in the habeas context. The two doctrines developed independently and on different grounds, apply in different situations, and lead to different consequences. . . . The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law.").

Petitioner maintains that *Martinez* somehow "obviates" the need to exhaust claims. *See, e.g.,* Docket No. 63 at 2  However, the question resolved in *Martinez* was straightforward: "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 566 U.S. at 9. The Supreme Court answered that question in the affirmative. *Id.* at 17. The Supreme Court did not hold that ineffective assistance of counsel in an initial collateral review proceeding obviates the obligation to exhaust a claim of ineffective assistance of trial counsel. Indeed, *Martinez* had nothing to do with the exhaustion requirement, as the petitioner in that case exhausted his ineffective assistance of trial counsel claims in the state courts; the state court found the claims barred by Arizona procedural rules. *Id.* at 7-8. The federal courts later determined that state procedural bar was adequate and independent to support a finding of procedural default. *Id.*

To be clear, the answer to Petitioner's question of "exactly which claims would require state court exhaustion" is simple: he must exhaust any claims for which there may be an available

3

state court remedy. 28 U.S.C. § 2254(b)(1)(A). Petitioner has not exhausted his remedies if he has the right to raise, "by any available procedure," his claims in the state courts. § 2254(c). Furthermore, because of the comity concerns underlying the exhaustion requirement, this Court is obliged to exercise "'a strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Granberry v. Greer*, 481 U.S. 129, 131 (1987)). Thus, any uncertainty about whether there is a potential state court remedy—that is, whether Petitioner has the right to raise an issue in the state court by any available procedure—must be resolved in favor of requiring exhaustion.

There are compelling reasons to conclude that Petitioner potentially has a state court remedy available to him and that, consequently, his unexhausted claims are not yet procedurally defaulted and must be exhausted. For instance, Petitioner asserts that California's timeliness rule bars one or more of his unexhausted claims. *See* Docket No. 68 at 4; Docket No. 72 at 4 (citing *In re Reno*, 55 Cal.4th 428, 452 (2012)). However, California's timeliness rule is not inflexible. Even if a claim is presented after "substantial delay," it may nevertheless be heard "on its merits if the petitioner can demonstrate *good cause* for the delay." *In re Reno*, 55 Cal.4th at 460 (emphasis in original). The ineffective assistance of habeas corpus counsel is a circumstance that can provide "good cause" for a delay in the application of California's timeliness rule. *Id.* at 463-64. In addition, even in the absence of good cause for any substantial delay, a claim can be considered on its merits if the petitioner meets any of four "narrow exceptions," including, as pertinent here, actual innocence. *Id.* at 460. Petitioner concedes that his petition includes a claim that he is actually innocent. Docket No. 68 at 4-5.

In addition, Petitioner concedes that there remains substantial uncertainty surrounding the application of Proposition 66's provisions prohibiting successive habeas corpus petitions in California's state courts. Docket No. 72 at 4. Finally, even if Petitioner's exhaustion petition were found to be a prohibited successive petition, Petitioner once again concedes that there is an exception to the prohibition on successive petitions for cases of actual innocence. Docket No. 68 at 4-5. In sum, there are substantial reasons to conclude that, notwithstanding his assertions of procedural bars, Petitioner has a procedure available to him to exhaust his claims.

4

As exhaustion is a requirement distinct from an assessment of cause for procedural default, Petitioner must reduce his federal petition entirely to claims which are exhausted or which cannot be exhausted before this Court will opine on whether any of his remaining claims are procedurally defaulted and, if so, whether *Martinez* provides him with cause for the procedural default of such claims.

Petitioner's reply brief on his Motion to Clarify appears to inject, for the first time, his argument that he should be excused from the exhaustion requirement pursuant to the statutory exception of § 2254(b)(1)(B)(ii), due to "extraordinary delay" in California's capital post-conviction review process. *See* Docket No. 72 at 4-5. The time to make such an argument in good faith was in response to Respondent's motion to dismiss the petition for failure to exhaust, not in a reply brief in support of a motion seeking clarification of the Court's previous order. If Petitioner now wishes to argue that, rather than exhausting pursuant to *Kelly* or *Rhines*, he need not exhaust his claims because California's post-conviction review process is ineffective to protect his rights, then it is incumbent upon him to raise that argument at a time and in a format that permits Respondent to challenge his argument. Petitioner has failed to do so and, consequently, his argument will not be entertained by the Court at this time.

## CONCLUSION

Petitioner has presented a mixed petition containing exhausted and unexhausted claims. *Martinez* does not "obviate" or "alleviate" his obligation to exhaust his unexhausted claims. The Court reiterates that Petitioner has distinct stay-and-abeyance mechanisms potentially available to him that will allow him to exhaust his claims in the state courts without the necessity of dismissing his mixed petition. Petitioner is afforded a final opportunity to file an appropriate motion indicating how he wishes to address the exhaustion issues raised by Respondent's motion to

///
///
///
///
///

1 dismiss and discussed in this order and in the Court's previous order.  Petitioner shall file such
2 motion on or before February 15, 2021.  Respondent shall file a response to petitioner's motion on
3 or before March 1, 2021.  Petitioner may file a reply on or before March 8, 2021.

This order disposes of Docket No. 68.

**IT IS SO ORDERED**.

Dated: February 1, 2021

_____
EDWARD M. CHEN
United States District Judge